FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUTH ANN CONDE CHEESMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ELLENSBURG SCHOOL DISTRICT, JOHN GRAF, TIA ROSS, NANCY WILBANKS,<br><br>    Defendants. | No. 1:18-cv-03218-SAB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendants' Motion For Summary Judgment ECF No. 31. The motion was heard without oral argument. Plaintiff is representing herself and *in forma pauperis*; Defendants are represented by James Baker.

### Motion Standard

    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1**

If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Background Facts

The following facts are taken in the light most favorable to Plaintiff, the non-moving party.

On December 7, 2016, Defendant Tia Ross, a teacher of Defendant Ellensburg School District, noted that L.C., Plaintiff's daughter, had bruising on her face that caused a black eye. L.C. said that she fell asleep in a chair and hit the chair. She later relayed that her father got mad aat her and hit her. Ms. Ross sent L.C. to the school nurse. The school nurse gave L.C. an ice pack for her eye.

Defendant John Graf, principal at L.C.'s elementary school, Lincoln Elementary School, took three photographs of L.C.'s eye. L.C. told Mr. Graf that her dad got angry and hit her. She also mentioned that her big sister had gotten into trouble as well because her sister had brought some ice to L.C. in L.C.'s bedroom. L.C. stated that her father "smacked" her big sister for bringing the ice to L.C.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 2**

School counselor Nancy Wilbanks[1] went to see L.C. She was alarmed by the injury. L.C. first told her that her injury was caused by a fall but later told Ms. Wilbanks that her dad got mad and hit her. Ms. Wilbanks notified Child Protective Services (CPS) of the bruising on L.C.'s face. CPS responded that if school officials were fearful for L.C. to go home that day, they should contact law enforcement. Mr. Graf contacted law enforcement and the school resource officer arrived shortly before school was dismissed that day. L.C. was permitted to go home with her father because he was already at the school to pick L.C. up.

After Tabitha Snyder, investigator for CPS, learned that L.C. was going home with her father, she called law enforcement. Detective Jennifer Margheim of the Ellensburg Police Department received the intake from CPS. They decided to interview L.C. the next day.

On December 8, 2018, Detective Margheim and Ms. Snyder interviewed L.C. at the school and took statements from Ms. Ross, Mr. Graf, and Ms. Osier. L.C. gave inconsistent statements and said that she was afraid of her father. As a result, Detective Margheim took L.C. into protective custody. Plaintiff's older two children, I.C. and V.C., were interviewed by law enforcement. They were also taken into protective custody and placed in foster homes. Dependency petitions were filed, but ultimately, they were dismissed.

**Procedural History**

Plaintiff is representing herself in this matter and is proceeding *in forma pauperis*. On January 8, 2019, the Court reviewed the allegations contained in her Complaint and concluded that Plaintiff alleged sufficient facts for her § 1983 claims to survive 28 U.S.C. § 1915 review, but dismissed Claims 3, 4, 7, 8, 10, 12 and 13 because they failed to state a claim. ECF No. 7. Defendants now seek

---

[1] Nancy Wilbanks is now known as Ms. Osier. For purposes of this Order, the Court will refer to Ms. Osier as Ms. Wilbanks.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 3**

summary judgment on the remaining claims. ECF No. 31.

## Analysis

### A. Constitutional Claims

To prevail on a civil rights claim, a plaintiff must prove both that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983.

#### 1. Conspiracy

Although Plaintiff alleges that school officials conspired with CPS to take her children from her custody and place them in foster care in violation of her Constitutional rights, there is nothing in the record to support this allegation. *See Celotex Corp*, 477 U.S. at 325 (Because Plaintiff would bear the burden of proof on the relevant issues at trial, defendants need only show "that there is an absence of evidence to support the nonmoving party's case.").

To prevail on a claim for conspiracy to violate one's constitutional rights under § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy. *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). The elements to establish a claim for conspiracy under § 1983 are: (1) the existence of an express or implied agreement among the defendants to deprive her of her constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). In addition, there must be an agreement or meeting of the minds to violate her constitutional rights. *Woodrum v. Woodward Cnty, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). A formal agreement is not necessary; an agreement may be inferred from the defendant's acts pursuant to this scheme or other circumstantial evidence. *See United States v. Clevenger*, 733 F.2d 1356, 1358 (9th Cir.1984). To the extent that Plaintiff's claims are based on the decision to place her children in foster care or be examined by a physician, there is no evidence in the record that the School

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 4**

District was involved in any way. Rather, the decision to interview L.C. and the decision to place L.C. and her siblings into protective custody was made by Detective Margheim, while Ms. Snyder initiated the dependency proceedings. While they relied on statements made by the school officials, these statements alone do not provide evidence of an agreement to violate Plaintiff's constitutional rights. A reasonable jury would not find that school officials conspired to violate Plaintiff's constitutional rights.

### 2. First, Fourth and Fourteenth Amendment

There is nothing in the record from which a reasonable jury could find that Defendants violated Plaintiff's First Amendment, Fourth Amendment or Fourteenth Amendment rights.[2]

A reasonable jury would not find that Plaintiff's due process rights were violated. Based on the inconsistent statements of the children and inconsistent explanation given for L.C.'s bruised eye, a reasonable jury could only reach one conclusion, namely that the District was required to contact CPS or law enforcement to report potential abuse or neglect.

A reasonable jury would not find that Defendants tampered with the evidence or made false reports, allegations or accusation without evidence of abuse

---

[2] To the extent Plaintiff is bringing these claims to vindicate her children's First, Fourth and Fourteenth Amendment rights, she is unable to due so in her *pro se* capacity. Also, she does not have standing to bring any Fourth or Fourteenth Amendment claims on behalf of her children. *See e.g. Moreland v. Las Vegas Metro*, 159 F.3d 365, 369 (9th Cir. 1998)(noting that while a person has standing to challenge the seizure of his or her own person, a person does not have standing to vicariously assert the Fourth Amendment rights of another person.)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 5**

to the children. There is no dispute that L.C. had a bruised eye.[3] Likewise, there is no dispute that the children gave inconsistent statements. A reasonable jury would only come to one conclusion, that Defendants did not tamper with the evidence or make false reports.

Finally, a reasonable jury would not find that Plaintiff's constitutional rights were violated when school officials asked L.C. about the bruising around her eye. Even if this were a constitutional violation, Defendants would be entitled to qualified immunity as there is no clearly established law addressing this issue. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### 3. *Monell* Liability

In her deposition, Plaintiff faults the school officials for calling CPS prior to calling law enforcement as a violation of the District's policy. Even if officials did not follow the policy to the letter, Plaintiff's *Monell* claim fails because neither of these actions or policies—calling CPS first or calling law enforcement first—are unconstitutional. Calling CPS did not violate Plaintiff's constitutional rights. In any event, CPS did not become involved until after law enforcement appeared at the school.

### B. State Law Claims

#### 1. Intentional Infliction of Emotional Distress

Based on the record before the Court, no reasonable jury could find for Plaintiff on her Intentional Infliction of Emotional Distress claims. There is no evidence in the record that Defendants took any extreme and outrageous conduct that intentionally or recklessly inflicted emotional distress. Defendants simply gave statements to law enforcement and to CPS. These statements were not outrageous nor were they fabricated. Defendants reported that L.C. had a bruise near her eye,

---

[3] Plaintiff disagrees that L.C.'s father hit her, but she does not dispute that L.C. had bruising around her eye.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 6**

and that L.C. gave inconsistent statements regarding the injury. Plaintiff has not introduced any evidence that L.C. did not give such statements or that she did not have a bruised eye. There is no evidence in the record that Defendants acted with malice toward Plaintiff.

### 2. Loss of Consortium

Plaintiff's loss of consortium claim fails as a matter of law because she is the person who is claiming injury, and because she is a non-lawyer representing herself, she is unable to bring claims on behalf of her spouse or children.

### 3. Gross Negligence

Plaintiff alleges that Defendants were grossly negligent when the school nurse placed an ice pack on L.C.'s face. She maintains this resulted in the severe worsening of L.C.'s bruise. She accuses Defendants of contaminating the eye area. A reasonable jury would not find that Defendants were grossly negligent in placing an ice pack on L.C.'s bruise. There is nothing in the record to support Plaintiff's assertions that the ice pack worsened L.C.'s condition or that placing of the ice pack caused further injury.

### 4. Willful Misconduct

Willful or wanton conduct is technically not a separate cause of action, but a level of intent that negates certain defenses that might be available in an ordinary negligence action. *See Rodriguez v. City of Moses Lake*, 158 Wash. Apo. 724, 729 (2010). Washington courts have not recognized such conduct as a separate cause of action. *Id.*

## Conclusion

At this stage of the proceeding, Plaintiff must do more than rely on assertions and speculations. She cannot simply rely on what her Complaint says to defeat summary judgment. *See* ECF No. 33 (Notice to *Pro Se* Litigants of the Summary-Judgment Rule Requirements). Plaintiff has failed to present evidence from which a reasonable jury could find that Defendants violated her constitutional

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 7**

rights, or did anything wrong when they called CPS and notified law enforcement when L.C. came to school with bruising around her eye, and gave inconsistent statements about how she got her injury.

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion For Summary Judgment ECF No. 31, is **GRANTED**.
2. Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment, ECF No. 40, is **DENIED**.
3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Plaintiff and counsel, and **close the file**.

**DATED** this 18th day of February 2020.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 8**